## IDE *v.* SPENCER.

### *Mortgage.*

Defendant and S. and H. executed their joint and several promissory notes to G., H. being in fact a surety. Defendant thereupon executed a mortgage of certain property to H., conditioned that if H. should pay any part of the notes, or suffer in any way in consequence of signing them, the mortgage should be her indemnity, and otherwise be void. H., having never paid any part of the notes, nor suffered in any way in consequence of signing them, assigned the mortgage to I. for foreclosure, and I. brought a petition, alleging that he was the owner of the notes, and that they were unpaid. *Held,* that there was no breach of the condition ; that I. had only the rights of H. ; and that the allegation of ownership and non-payment did not entitle the petitioner to a decree.

PETITION FOR FORECLOSURE. The petition alleged, that on September 2, 1871, defendant mortgaged her homestead to Maria Hill, conditioned for the payment of a promissory note of that date, signed by defendant and C. J. Spencer, for $600, payable to said Hill or bearer on demand ; averred that said note was due and unpaid, and had been assigned to the petitioner ; alleged that on May 29, 1871, defendant, and C. J. Spencer and said Hill, executed three joint and several notes to Solon S. Gould, two for $300 each, and one for $400, due in one, two, and three years from date, respectively ; that on the same day the defendant executed a mortgage of the same premises to said Hill, to idemnify her for signing said notes, thereby intending to pledge and pledging said real estate for the payment thereof; and that the petitioner had become and was the legal owner of said last-mentioned notes, all of which were due and unpaid, and that said mortgage had been assigned to him for the purpose of having said debt enforced by foreclosure.

The answer admitted the execution and delivery of said three joint and several notes, and the mortgage of May 29th, but denied that said mortgage was, or was intended to be, a pledge for the payment of said notes ; alleged that though said notes were joint and several in form, said C. J. Spencer was in fact principal and the defendant and Hill only sureties thereon, which said Gould

and the petitioner well knew; that said last-mentioned mortgage purported to be and was in fact only an idemnity to said Hill; that it was an arrangement between the defendant and said Hill, sureties as aforesaid, with which said C. J. Spencer and said Gould had nothing to do, and in which they had no interest; and that it was not intended to give currency to said notes, but on the contrary thereof expressly provided that unless the said Hill paid said notes, or some part thereof, the mortgage should be void; that said Hill was a married woman when she executed said notes, and for that reason denied her liability thereon, and had never paid any part thereof; and therefore the defendant denied that the petitioner had any interest in the premises by virtue of said mortgage; and also denied the execution of said first-mentioned mortgage.

The answer was traversed and testimony taken. The testimony tended to show that said Hill was a surety on said notes, and that the condition in the mortgage to her was, that if she should pay the notes, or any part thereof, then the mortgage was to idemnify and secure her for all sums that she might pay or suffer in consequence of signing said notes, and that if she paid nothing on them, and suffered nothing in consequence of signing them, the mortgage was to be void. It tended further to show that she never paid anything on them, and never suffered anything in consequence of signing them.

The Court of Chancery at the June Term, 1877, Caledonia County, entered a decree for the orator in accordance with the prayer of the petition. Appeal by the defendant.

O. F. Harvey, for the defendant.

The condition of the mortage to Maria Hill, to idemnify her for signing the three notes, has not been broken.

Maria Hill could not convey to the plaintiff any estate other than what she had. The mortgage could not have been foreclosed by Maria Hill before condition broken; neither can it be by the plaintiff.

Maria Hill neither had, nor could have had, any assignable interest in the estate.

*Belden & Ide,* for the orator.

The only question is, whether the orator is entitled to the benefit of the mortgage of May 29. On the face of the notes all the signers were principals, and all were principals in fact and in law as to the payee of the notes. The defendant contracted with Maria Hill to indemnify her for signing the notes, and to claim no contribution from her in case she had the notes to pay. That contract made the defendant a principal as to Maria Hill. *Melms* v. *Werdehoff*, 14 Wis. 18 ; *Keith* v. *Goodwin*, 31 Vt. 268 ; *Adams* v. *Flanagan*, 36 Vt. 400 ; 1 Lead. Cas. Eq. 160 ; *Longley* v. *Griggs*, 10 Pick. 121.

The defendant was therefore a principal as to both the orator and Maria Hill. Being such, she executed and delivered to Maria Hill a mortgage security to indemnify her for signing the notes. The decisions are uniform that the payee may avail himself of such security, even against the will of the surety holding the security, certainly where the surety makes over the security to him for that very purpose. 1 Story Eq. Jurisp. ss. 499, 499 e. 502 ; *Paris* v. *Hulett*, 26 Vt. 312 ; *McCollum* v. *Hinckley*, 9 Vt. 149 ; *Pratt* v. *Adams*, 7 Paige, 627 ; *New London Bank* v. *Lee*, 11 Conn. 112 ; *Moses* v. *Murgatroyd*, 1 Johns. Ch. 119 ; *Eastman* v. *Foster*, 8 Met. 23.

But if property be pledged to either creditor or surety, though not to the person seeking to charge it, it may be reached by substitution in a court of equity, without regard to the intention of the contracting parties. *Hopewell* v. *Bank of Cumberland*, 10 Leigh, (Va.) 206. The ignorance of the creditor of the giving of the security will not preclude him from enforcing it. *Kinsey* v. *Dearmon*, 5 Coldw. (Tenn.) 392 ; Rice's Appeal, 79 Penn. 168. If the conveyance be in express terms for the benefit of one surety alone, the other sureties and the creditor still have in equity the right to come upon it to the same extent that he can. *West* v. *Belcher*, 5 Munf. (Va.) 187 ; *New Bedford Savings Institution* v. *Fairhaven Bank*, 9 Allen, 175.

If Maria Hill had paid the debt she could have foreclosed the mortgage. It is no hardship upon the defendant to have the same foreclosure brought directly by the orator. A court of equity in

such cases not only allows, but favors, a suit directly by the creditor, thus avoiding circuity of action. *Hopewell* v. *Bank of Cumberland*, 10 Leigh, 221. Where the surety is indemnified by a third party, not the principal, the security can be reached and made to pay the debt, in equity, before the original surety has paid the debt or been in any way damnified. *Woodbridge* v. *Norris*, Law Rep. 6 Eq. 410 ; 1 Story Eq. Jurisp. s. 499.

The case is in no way affected by the fact that the person holding the security was a married woman. Lead. Cas. Eq. 679, *et seq.*

The opinion of the court was delivered by

ROYCE, J. The bill alleges that on the 29th of May, 1871, the defendant and C. J. Spencer and Maria Hill executed and delivered to Solon S. Gould three promissory notes, amounting in all to one thousand dollars ; that on the same day the defendant executed and delivered to Maria Hill a mortgage deed of the premises described in the bill, to indemnify her for signing said notes ; that it was thereby intended to pledge said mortgaged estate for the payment of said notes ; that the orator is the owner of said notes, and that said mortgage has been legally assigned to him. It appears from the answer and proofs that Maria Hill was a surety upon the notes, and that the condition in the mortgage deed given to her was, that if she should pay said notes, or any part thereof, then the deed was to be good to indemnify and secure her for all sums she might pay or suffer in consequence of signing said notes, and if she did not pay any part of said notes or suffer in consequence of signing them, the deed to be null and void. It further appears that Maria Hill has never paid any part of said notes or suffered anything in consequence of having signed them, so that so far as she is concerned, there has been no breach of the condition contained in the deed.

The orator, by virtue of the assignment of the mortgage, acquired the same right that she had to enforce it. The allegation that the orator is the owner of the notes, and that they are unpaid, is not sufficient to entitle him to a decree against the premises described in the mortgage.

The decree of the Court of Chancery is reversed, and cause remanded, with mandate that a decree be entered for the orator for the amount that may be ascertained to be due on the note for six- hundred dollars described in the mortgage from the defendant to Maria Hill, dated September 2, 1871.